CASE 20—PETITION EQUITY—SEPTEMBER 20.

## Huffman vs. Thomas.

APPEAL FROM LOUISVILLE CHANCERY COURT.

A creditor, who, having a return of *nulla bona* against his debtor, institutes suit in equity to subject the choses in action, equitable or legal interest, or other property of his debtor, acquires a lien on such property or effects, on the service on the defendant of a summons, with the objects of the suit indorsed on it. (*Sections* 474, 476, *Civil Code.*)

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Thomas having obtained judgment and return of *nulla bona,* filed his petition against the Louisville and Taylorsville

turnpike company, attached their assets, asked that their future earnings be appropriated to the payment of his judgment, and indorsed the object of the suit upon the summons.

After these proceedings were instituted, Huffman and other creditors filed their petition against the turnpike company and Thomas, setting up their judgments and return of *nulla bona* against said corporation, resisting Thomas' attachment, denying his right to priority by virtue of his proceedings, and claimed a *pro rata* distribution of the effects of the turnpike company.

These creditors neither obtained attachments nor indorsed the object of their suit on the summons. Subsequent to these proceedings, Thomas filed an amended petition, setting up another judgment and return of *nulla bona* against said corporation, but sued out no attachment or summons.

The court adjudged him a prior lien for the judgments set up in his original petition, and reserved the question of priority as to the one set up in his amended petition.

The other creditors seek to reverse this judgment.

Section 474, Civil Code, provides that after a return of no property found, a suit by equitable proceedings may be instituted "for the discovery of any choses in action, equitable or legal interest, and all other property to which the defendant is entitled, and for subjecting the same to the satisfaction of the judgment."

Section 476, Civil Code, provides that the plaintiff, on return of no property found, may have an attachment similar to the general attachment provided for in chapter 3, title 8, without either the affidavit or bond therein required.

Section 474 provides that "a lien *shall be created* on the property of the defendant, by the levy of the attachment or service of the summons, with the object of the action indorsed thereon."

It was, doubtless, the legislative intent, by these several provisions, to secure to the creditors of insolvent debtors a comprehensive remedy, commensurate with the almost unlimited powers of the chancellor, and by which creditors might subject to the payment of their claims *all the estate*, and

every vested interest, legal or equitable, tangible or intangible, leviable or not, of their insolvent debtors.

It seems clear, therefore, that Thomas, by virtue of his attachment and indorsed. summons, procured a prior lien, and the court properly so adjudged as to the debts set up in his original petition.

The question as to whether Huffman and the other cred- itors, by virtue of their proceedings, procured a *lis pendens*, and, therefore, entitled to priority over the debt set up by Thomas in his amended petition, has not been adjudicated by the court below, and, therefore, not now before us.

Wherefore, the judgment is affirmed.